## BUSELL TRIMMER Co. and others *v.* STEVENS and others.[1]

*(Circuit Court, D. Massachusetts. September 14, 1886.)*

1. PATENTS FOR INVENTIONS—SOLE TRIMMERS.

Letters patent No. 238,303, of March 1, 1881, to William D. Orcutt, for improvements in rotary cutters for trimming the edges of boot and shoe soles, *held* void for want of patentable novelty.

2. SAME—DOUBLE USE.

The application of an old and well-known form of blade from a hand tool for trimming sole edges to an old gear cutter, for trimming such edges, is merely a case of double use, and therefore not patentable.

In Equity.

*Chauncey Smith* and *J. E. Maynadier,* for complainants.

*T. W. Porter,* for defendants.

Before GRAY and COLT, JJ.

COLT, J. This suit is brought upon letters patent No. 238,303, issued March 1, 1881, to William D. Orcutt, one of the complainants, for improvements in rotary cutters for trimming the edges of boot and shoe soles. The invention relates to that class of rotary cutters consisting of a series of blades arranged about a common hub. The blades are described as having a flat front face, a flat rear face, and a top surface. Extending across the top surface there are a number of ridges, making a molded or fancy surface, which is the converse of the sole edge desired. The flat front faces of the blades are not radial, but are inclined so as to make each blade slightly hooked. This is said to be desirable for the purpose of cutting, as distinguished from scraping, the sole edge. The blades are ground on their front faces, and they are made quite thick, so that they may be ground back as they become dull. The top surface of the blades is slightly inclined, so as to give the necessary clearance in cutting. The first claim is as follows:

"A rotary cutter for trimming sole edges, the blades, *d*, of which are provided with flat front faces, *a*, and having their outer or peripheral ends, *c*, moulded throughout to a uniform shape, the converse of the desired shape to be given to the sole edge, and slightly eccentric to the axis of the cutter, substantially as described."

The second claim gives more in detail the form of the front surface, by referring to the ridges; otherwise it is much like the first.

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

The defendants do not deny the making of cutters which embody substantially the features specified in these claims, and therefore the question of infringement is not an issue in the case.

The first and main defense is that, in view of the prior state of the art, there was no invention in the Orcutt cutter. The history and development of this branch of mechanical art is fully set forth in the record before us. We do not deem it necessary to refer in detail to the various prior patents and devices, because it seems to us that the question of invention in this case is comparatively simple, and is to be determined by reference to two classes of prior tools, namely, the old hand tool or plane, and the Brown gear cutter, patented in 1864.

If, as contended by the defendants, there is no substantial difference between the Orcutt cutter and the Brown gear cutter, except in the form or outline of the path or figure they cut, and if this form or outline in the Orcutt cutter was taken from the old hand plane, it is difficult to find any invention in what Orcutt did. A comparison between the Orcutt cutter and the various forms of the Brown milling cutter before us discloses that, except as to the shape of the top surface of the blades, they are in all essential features the same, and in some instances, even in this last respect, there is a close resemblance. Turning, now, to the old hand plane for trimming the edges of soles, used long prior to the date of the Orcutt patent, we find, substantially, the form of cutting teeth employed by Orcutt. The blade of the old hand tool had a rand lip, bead, bed, guard, and channel guard, which are descriptive of the different parts of the surface of the blade, and the same features are found in the blade of the Orcutt cutter.

We are aware that Orcutt contends that his rand lip is in fact a rotary rand knife, different from the rand lip of the old hand plane, and to be used in connection with a rand guide, and made so thin that the lip and guide must go between the sole and the upper. Admitting this to be true, it is not sufficient to sustain the patent, because both the rotary rand knife and the rand guide are found in prior devices.

Upon careful consideration, we are forced to the conclusion that the substance of Orcutt's improvement lies in the application of an old and well-known form of blade to a Brown milling cutter, for the purpose of trimming the edges of boot and shoe soles, and that this is merely a case of double use, and therefore not patentable. Bill dismissed.